

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-21-2007

# Kinlaw v. Foster

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3446

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Kinlaw v. Foster" (2007). *2007 Decisions.* Paper 1443.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1443

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-156                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-3446
_____

CHRISTOPHER M. KINLAW, SR.

Appellant

v.

BYRON M. FOSTER, Warden; ROBERT BROTHERS, Captain;
ROBERT ACKERMAN, Sgt.; WARREN COUNTY CORRECTIONAL CENTER
ADMINISTRATION

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 05-cv-03408)
District Judge:  Honorable Garrett E. Brown, Jr.
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
March 15, 2007

Before:  SLOVITER, CHAGARES AND GREENBERG, <u>CIRCUIT JUDGES</u>

(Filed  March 21, 2007)

_____

OPINION
_____

PER CURIAM

Christopher Kinlaw appeals following entry of orders by the United States District Court for District of New Jersey dismissing his civil rights complaint with regard to some claims and ultimately granting summary judgment in favor the defendants.[1]  We will affirm.

I.

According to Kinlaw's complaint and amended complaint, "for quite some time" officials at the Warren County Correctional Center have been opening his legal mail outside of his presence, violating his constitutional rights and the applicable state regulation concerning the opening of prisoner mail.

On August 11, 2005, the District Court entered an order granting Kinlaw in forma pauperis status pursuant to 28 U.S.C. § 1915(a)-(b).  The District Court construed Kinlaw's complaint as raising an access-to-the-courts claim, a First Amendment challenge to the Center's mail policy, and "a due process claim with respect to any failure to respect [Kinlaw's] privacy rights in his legal and personal mail."  In the same order, the District Court dismissed the complaint for failure to state a claim upon which relief may be granted under § 1915(e)(2)(B)(ii) and § 1915A(b)(1) with regard to the access-to-the-courts and due process claims, and indicated that the First Amendment challenge to

---

[1]Kinlaw also appeals the District Court's denial of his application for pro bono counsel.

the mail policy could proceed.  The District Court also dismissed the complaint as to Warren County Correctional Center, as it is not a "person" subject to suit under § 1983.

The remaining defendants filed a motion for summary judgment, arguing, among other things, that Kinlaw failed to exhaust administrative remedies.  The District Court granted the motion on that ground.  The District Court also affirmed the magistrate judge's order denying Kinlaw's application for pro bono counsel.  Kinlaw appealed and filed a motion for appointment of counsel in this Court.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  When reviewing an order dismissing claims under § 1915(e)(2)(B)(ii), we accept as true all factual allegations in the complaint, and all reasonable inferences that can be drawn from them.  See Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988).  With regard to the decision to grant summary judgment, we must determine whether the record, when viewed in the light most favorable to Kinlaw, shows that there is no genuine issue of material fact and that the defendants were entitled to judgment as a matter of law.  See Torres v. Fauver, 292 F.3d 141, 145 (3d Cir. 2002); Fed. R. Civ. P. 56.  We can affirm the District Court's orders on any ground supported by the record.  See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

A Plaintiff with IFP status whose complaint fails to state a cause of action generally is entitled to amend his complaint.  See Grayson v. Mayview State Hospital,

293 F.3d 103, 111 (3d Cir. 2002); see also Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) (if complaint is vulnerable to dismissal for failure to state claim, District Court must first permit plaintiff curative amendment).  Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility.  See Alston, 363 F.3d at 236.  Because there is no indication in the record of bad faith, undue delay, or prejudice, we can affirm only if it would have been futile for the District Court to allow Kinlaw to amend his complaint.

Though we agree in part with the District Court's August 2005 order, we cannot conclude that it would have been futile for Kinlaw to amend his complaint with regard to any access-to-the-courts claim.  The District Court dismissed this claim because Kinlaw failed to allege that he was hindered in his pursuit of a legal claim – an omission Kinlaw potentially could have cured in an amendment.  Accordingly, the District Court erred. However, for the reasons explained below, this is not an error warranting a remand, as we agree that Kinlaw has failed to exhaust administrative remedies in this matter.

Under 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies before bringing a civil rights action concerning prison conditions, regardless of whether these remedies can provide the inmate with the relief sought.  See Booth v. Churner, 532 U.S. 731, 741 (2001).  We have interpreted this provision to require, not only that an inmate have no further process available to him, but also that an inmate must have engaged in "proper exhaustion," that is, the inmate must

4

have timely sought relief at every level available to him. <u>Spruill v. Gillis</u>, 372 F.3d 218, 227-30 (3d Cir. 2004).

Despite Kinlaw's assertion in his complaint that he had exhausted his administrative remedies, Defendants' affidavits in support of their summary judgment motion show that he clearly did not follow the Center's grievance procedure as provided in the inmate handbook. The defendants offered a thorough description of the efforts that Kinlaw did make and the ways in which he failed to comply with the grievance requirements. Kinlaw filed no opposition to the defendants' summary judgment motion. On this record, we must agree with the District Court that no issue of material fact exists as to whether Kinlaw exhausted his claims.[2]

Accordingly, we will affirm the judgment of the District Court.[3] The motion for appointment of counsel is denied.

---

[2]Thus, even assuming that Kinlaw could make the required representation in order to state a claim that he was denied access to the courts, that claim would suffer the same defect. All of Kinlaw's allegations involve the prison's mail procedures and practices, and he failed to properly grieve any aspect of these claims.

[3]Our affirmance because of failure to exhaust does not mean that we would reject Kinlaw's claim on the merits. <u>See Jones v. Brown</u>, 461 F.3d 353 (3d Cir. 2006).